# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                            ) | |
|     Plaintiff,             ) | |
|                            ) | Case No.: CR05-0152 |
|     v.                     ) | |
|                            ) | |
| THANG VAN NGUYEN,          ) | DETENTION ORDER |
|                            ) | |
|     Defendant.             ) | |
| _____  ) | |

Offense charged:

    Counts 1 through 44: Bank Fraud (18 U.S.C. § 20).

Date of Detention Hearing:  April 21, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1) Defendant was arrested on March 24, 2005, in the Central District of California, on an indictment warrant from the Western District of Washington. At that time, defendant was interviewed by Pretrial Services and a report was prepared on March 24, 2005. In that Report, several criminal violations were found. Defendant did not interview with Pretrial Services of the

Western District of Washington, which was therefore unable to make recommendations regarding safety or assurance of return.

(2) Defendant has stipulated to detention but, reserved the right subsequently to challenge detention in the Western District of Washington should circumstances change or new issues arise.

(3) There appear to be no conditions or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings and that will address the danger to other persons or the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of April, 2005.

/s/ JAMES P. DONOHUE
United States Magistrate Judge